IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN MILEWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CAPITAL MANAGEMENT SERVICES L.P., | ) ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Susan Milewski brings this action to secure redress from unlawful credit and collection practices engaged in by defendant. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received within this District;

   b. Defendant transacts or does business within this District.

## PARTIES

6. Plaintiff Susan Milewski is a resident of the Northern District of Illinois.

7. Defendant Capital Management Services L.P. is a limited partnership entity organized under Delaware law with offices at (a) 726 Exchange Street, Suite 700, Buffalo, NY 14210, (b) 2207 Niagara Street, Buffalo, NY 14207, and (c) 700 Executive Center Drive, Suite 300, Greenville, SC 29615.  It does business in Illinois.  Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Defendant is a debt collector under the FDCPA.

## FACTS

10. Defendant Capital Management Services L.P. has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

11. On September 2, 2009, a caller using the number 716-871-9050 called plaintiff's daughter Kimberly Milewski and left the following message for the purpose of collecting the alleged debt:

> **"Hello, Kimberly Milowski, this is Kimberly from Capital Management.  I do need you to have Susan Milowski contact my office today at 1-888-653-2380 with reference number 5387028."**

12. Kimberly Milewski is an adult and lives about 10 miles from plaintiff.

13. The number 716-871-9050 is issued to Capital Management Services L.P.

14. The number 888-653-2380 is issued to Capital Management Services L.P.

15. Plaintiff's daughter Kimberly Milewski returned the call to inquire why she was being contacted about Susan Milewski's alleged debt. Kimberly Milewski was informed that her number was listed as an emergency contact in connection with an account sought to be collected.

16. Plaintiff was harassed, embarrassed and annoyed by defendant's collection activities.

## COUNT I – FDCPA

17. Plaintiff incorporates paragraphs 1-16.

18. Defendant's telephone message violated 15 U.S.C. §1692c.

19. Section 1692c provides:

**§ 1692c.    Communication in connection with debt collection [Section 805 of P.L.]**

**(b) Communication with third parties--Except as provided in section 1692b of this title [dealing with the location of consumers], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1) Statutory damages;

    (2) Actual damages;

    (3) Attorney's fees, litigation expenses and costs of suit;

    (4) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

20. Plaintiff incorporates paragraphs 1-16.

21. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

22. Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection . . .**

**(b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

23. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

24. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a. Compensatory and punitive damages;

    b. Costs.

    c. Such other and further relief as is appropriate.

    s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\23533\Pleading\Complaint_Pleading.WPD

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                    s/ Daniel A. Edelman
                                                    Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)